**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

MARCINE A. JENIS,

                    Plaintiff,

          v.                                         12-CV-0600A
                                              **DECISION AND ORDER**

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                    Defendant.

_____

          Plaintiff's attorney, William C. Bernhardi, has filed a motion for approval of his fee

pursuant to 42 U.S.C. § 406(b).   Before approving Bernhardi's fee, the Court must

perform an "independent check[]" of the request.   *Gisbrecht v. Barnhart*, 535 U.S. 789,

807 (2002).   Upon such review, the Court may approve a "reasonable fee."   42 U.S.C.

§ 406(b).   After its independent check, and for the reasons stated below, the Court finds

that Bernhardi's requested fee of $3,000 is reasonable in this case.

## BACKGROUND

          On June 26, 2012, Bernhardi filed a complaint in this Court pursuant to 42 U.S.C.

§ 405(g).   The complaint sought review of the Commissioner's decision denying

Plaintiff's application for Social Security benefits.   *See* Docket No. 1.   Rather than file

cross-motions for judgment on the pleadings, the parties stipulated that the case should

be remanded to the Commissioner for further administrative proceedings.   *See* Docket

No. 10.   On remand, the Administrative Law Judge issued a decision in favor of

Bernhardi's client.   *See* Docket No. 21-3.   After that decision, the Commissioner

determined that Bernhardi's client was entitled to $32,339 in past-due benefits. Docket No. 15-4. The Commissioner, however, withheld 25 percent of that amount (totaling $8,084.75) for possible attorneys' fees. In February 2013, the parties stipulated that under the Equal Access to Justice Act (EAJA) Bernhardi was entitled to fees and expenses totaling $1,112.81.

After the Commissioner found in favor of Bernhardi's client on remand,[1] Bernhardi filed a motion for fees pursuant to 42 U.S.C. § 406(b), which is now before the Court. Bernhardi's motion seeks $3,000 of the $8,084.75 the Commissioner has withheld from the Plaintiff's past-due benefits. Bernhardi states that, if he is awarded the $3,000 fee he seeks, he will, as required by statute, refund his $1,112.81 EAJA fee to his client. *See* Docket 15-2 at 6. *See also Gisbrecht*, 535 U.S. at 796. In support of his § 406(b) motion, Bernhardi includes his billing records for this case, which indicate that he spent 5.9 hours on his representation of the Plaintiff before the Court. *See* Docket No. 15-4.

## DISCUSSION

### A. Standard for awarding fees under § 406(b)

The Social Security Act allows an attorney who successfully represents a Social Security claimant "before the court" to petition that court for "a reasonable fee for such

---

[1] The parties dispute the timeliness of Bernhardi's motion. Bernhardi argues that his § 406(b) motion is timely because he filed it approximately four months after receiving a notice of award for Children's Benefits. *See* Docket No. 19 at 2. The Commissioner, by contrast, asserts that Bernhardi "did not file his motion for [§ 406(b)] fees until almost a year after SSA issued the June 30, 2015 Notice of Award." Docket No. 18 at 2. Because § 406(b) contains no express time limit; because Bernhardi appears to have operated under the belief that he did not need to seek § 406(b) fees until after receiving a notice of award for Children's Benefits, *see Garland v. Astrue*, 492 F. Supp. 2d 216, 221 (E.D.N.Y. 2007) ("If the attorney was reasonably operating under the assumption that a different time limit applied, noncompliance with this standard may also be justified"); and because Bernhardi filed his § 406(b) within a reasonable time after receiving the Children's Benefit notice of award, the Court concludes that Bernhardi's § 406(b) motion is timely.

representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b). The Supreme Court has held that § 406(b) "calls for court review of [contingent-fee] arrangements as an independent check[] to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Towards that end, "Congress has provided" courts with "one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id.* (citing 42 U.S.C. § 406(b)).

"Within the 25 percent boundary," an attorney must show that "the fee sought is reasonable for the services rendered." *Id.* In other words, an attorney's fee is not presumptively recoverable simply because it is equal to or less than 25 percent of the client's recovery. Rather, § 406(b) "requires an affirmative judicial finding that the fee allowed is 'reasonable.'" *Id.* n.17 (internal quotation marks omitted). "[T]he attorney bears the burden of persuasion that the statutory [reasonableness] requirement has been satisfied." *Id.*

The Supreme Court has identified several factors that a court may use to assess the reasonableness of a contingent fee requested under § 406(b). First, a court may consider "the character of the representation and the results the representative achieved." *Id.* at 808. Second, a court may reduce an attorney's requested fee if the court finds that the attorney is responsible for delay in obtaining a judgment. In other words, because the attorney's fee is contingent on his client's recovery of past-due benefits, and because past-due benefits increase the longer a case lingers, the court may appropriately reduce a fee "so that the attorney will not profit" from delay that is

attributable to him. *Id.* And third, a court may reduce a fee if the court concludes that the benefits recovered—which drive the size of an attorney's potential fee—"are large in comparison to the amount of time counsel spent on the case." *Id.*

The Supreme Court and the Second Circuit have also identified two factors that act as a check on a court's reduction of an attorney's requested fee under § 406(b).

First, courts must be mindful that "payment for an attorney in a social security case is inevitability uncertain." *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990). Thus, the Second Circuit has "recognized that contingency risks are necessary factors in determining reasonable fees under § 406(b)." *Id.* (internal quotation marks omitted). In other words, while "contingent fee agreements cannot simply be adopted as *per se* reasonable in all social security cases," courts should recognize that "a contingency agreement is the freely negotiated expression both of a claimant's willingness to pay more than a particular hourly rate to secure effective representation, and of an attorney's willingness to take the case despite the risk of nonpayment." *Id.*

Second, "the traditional lodestar method, borrowed from fee-shifting contexts, is not appropriate for evaluating a reasonable fee" under § 406(b). *Id.* Thus, the Court may not evaluate the "reasonableness" of the attorney's fee by engaging in "satellite litigation." *Gisbrecht*, 535 U.S. at 808. The Court should instead evaluate "the reasonableness of the contingency agreement in the context of the particular case." *Wells*, 907 F.2d at 371.

Putting these principles together, a court's task under § 406(b) is, on the one hand, to "give due deference to the intent of the parties," but, on the other hand, to "not blindly approve every fee request made pursuant to a contingent agreement." *Wells*,

4

907 F.2d at 372.  At bottom, a court should consider "whether there has been fraud or overreaching in making the agreement," or "whether the requested amount is so large as to be a windfall to the attorney."  *Id.*

### B.  Whether Bernhardi's requested fee is "reasonable" under § 406(b)

With these principles in mind, the Court assesses the reasonableness of Bernhardi's requested fee of $3,000.  The Commissioner states that she sees no evidence of fraud or overreaching.[2]  Docket No. 27 at 1.  Given that Bernhardi's request is less than half of what his retainer agreement entitled him to seek, the Court agrees.

In assessing the reasonableness of Bernhardi's requested fee, the Court has considered the fact that the Commissioner stipulated to remand—and litigation in this Court ended—before either party filed a motion for judgment on the pleadings.  Thus, the substantive legal work Bernhardi performed before this Court consisted primarily of reviewing the administrative record and filing the complaint.  To be clear, the Court does not minimize the importance of these tasks to providing competent representation.  Nor does the Court suggest that Bernhardi spent too much time on these tasks—such a consideration is, of course, inappropriate under § 406(b).  Rather, the Court simply notes the work Bernhardi performed before the Court so that it can better evaluate whether his requested fee is "reasonable" under § 406(b).

The Court has also considered that Bernhardi previously stipulated to an EAJA award of $1,112.81 for the same work at issue in his § 406(b) motion.  This provides the

---

[2]  Fees requested pursuant to § 406(b) come from the attorney's client's recovery.  They do not come, as they do in the EAJA context, from the public fisc.  Thus, unlike a claim for fees under the EAJA, the Commissioner "has no direct financial stake in the answer to the § 406(b) question; instead she plays a part in the fee determination resembling that of a trustee for the claimants."  *Gisbrecht*, 535 U.S. at 798 n.6.

Court with a rough baseline of what a "reasonable" fee might be in this case. Balanced against that fact, however, the Court must consider the Second Circuit's reminder that a contingency agreement, which is, in part, the basis for the fee Bernhardi requests in his motion, "is the freely negotiated expression both of a claimant's willingness to pay more than a particular hourly rate to secure effective representation, and of an attorney's willingness to take the case despite the risk of nonpayment." *Wells*, 907 F.2d at 371. Thus, in assessing whether Bernhardi's requested fee is reasonable under § 406(b), the Court is very cognizant of the fact that Bernhardi assumes the risk of nonpayment in all of his Social Security matters.

After considering these facts, the Court concludes that Bernhardi's requested $3,000 fee is "reasonable." 42 U.S.C. § 406(b). In determining the reasonableness of this fee, the Court relies largely on the fact that, although Bernhardi's retainer agreement allowed him to seek over $8,000 in fees for his work in this case, Bernhardi reduced his requested fee by over 60 percent. The Court finds that this reduction adequately accounts for the fact that the parties stipulated to remand; it prevents Bernhardi from obtaining a windfall, *see Joslyn v. Barnhart*, 389 F. Supp. 2d 454, 456 (W.D.N.Y. 2005); and it reasonably compensates an attorney with Bernhardi's 25 years' experience in handling Social Security claims.

## CONCLUSION

William Bernhardi's motion for attorneys' fees pursuant to 42 U.S.C. § 406(b) is granted. The Court finds that Bernhardi is entitled to recover $3,000 for his work on this case before the Court. Thus, from the $8,084.75 the Commissioner has withheld from Plaintiff's past-due benefits award, the Commissioner shall release $3,000 to William

Bernhardi.  The Commissioner shall release the remainder of the withheld benefits to the Plaintiff.  Further, Bernhardi shall refund his $1,112.81 EAJA fee to the Plaintiff. *See* Act of Aug. 5, 1985, Pub. L. 99-80, § 3, 99 Stat. 186.

**SO ORDERED.**

Dated: October 26, 2016                              __*s/Richard J. Arcara*_____
     Buffalo, New York                         HONORABLE RICHARD J. ARCARA
                                     UNITED STATES DISTRICT JUDGE